IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEVANDAL BERNARD THOMAS,
Inmate No. 182913
     Plaintiff,

vs.                                          Case No.: 3:14cv346/MCR/EMT

JIM TINNEY, et al.,
     Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

     This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 1) and his application to proceed in forma pauperis (doc. 2). For the purpose of this Report and Recommendation, the application for leave to proceed in forma pauperis shall be granted.

     Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

     Question B of Section IV of the complaint form, titled Previous Lawsuits, asks whether Plaintiff has initiated other actions in federal court dealing with the same or similar facts or issues involved in this action (doc. 1 at 3). Where there is a parenthetical area to mark either "Yes" or "No" answer to this question, Plaintiff marked "Yes" and then listed "Case # 04-60005 CV DIMIT," which he identified as a habeas corpus action (*id*. at 3–4). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a

particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" (*id.*). He then listed Case No. 3:13cv571/RV/CJK; Case No. 3:11cv465/[M]CR/EMT; and Case No. 3:12cv101-J-25 TEM, all of which cases he identified as civil rights actions (*id.* at 4–5). Thus, Plaintiff has in effect stated that other than the instant lawsuit and the four cases just listed, he has initiated no lawsuits in federal court that relate to the fact or manner of his incarceration or the conditions of his confinement. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 9).

Upon review, this court takes judicial notice that as of the date Plaintiff filed this action, July 17, 2014, in addition to the cases he listed in the complaint Plaintiff had also previously filed four other civil rights cases in federal court: Case No. 3:10cv282/TJC/JRK (docketed March 31, 2010, in the Middle District of Florida and dismissed without prejudice on April 9, 2010); Case No. 3:11cv823/MMH/MCR (docketed August 17, 2011, in the Middle District of Florida and motion to voluntarily dismiss granted on September 6, 2011); Case No. 3:11cv376/LAC/CJK (docketed August 12, 2011, in the Northern District of Florida and motion to voluntarily dismiss granted on October 12, 2012); and Case No. 3:12cv825/MMH/JRK (docketed July 10, 2012, in the Middle District of Florida and dismissed without prejudice on July 26, 2012). Each of these four cases dealt with the conditions of Plaintiff's confinement and each was dismissed prior to service. Plaintiff did not list any of these cases in Section IV of his complaint (*see* doc. 1 at 3–5), however, even though the cases qualified as federal court actions that related to the fact or manner of his incarceration or the conditions of his confinement.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since

prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of all of his prior actions was required and that dismissal of the action may result from his untruthful answers.[1] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED:**

For the purpose of this Report and Recommendation, Plaintiff's application for leave to proceed in forma pauperis (doc. 2) is **GRANTED.**

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

---

[1] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3) (emphasis and capitalization in original).

Case No.: 3:14cv346/MCR/EMT

At Pensacola, Florida, this  18th day of August 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).